NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**ROBERT CARMELO TORRE,**

*Plaintiff-Appellant,*

v.

**UNITED STATES,**

*Defendant-Appellee.*

---

2010-5124

---

Appeal from the United States Court of Federal Claims in case No. 09-CV-0761, Judge Francis M. Allegra.

---

Decided: October 12, 2010

---

ROBERT CARMELO TORRE, of Santa Cruz, California, pro se.

MELISSA BRIGGS, Attorney, Tax Division, Appellate Section, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were JOHN A. DICICCO, Acting Assistant Attorney General, and JOAN I. OPPENHEIMER, Attorney.

---

Before NEWMAN, PROST, and MOORE, *Circuit Judges*.

MOORE, *Circuit Judge*.

Opinion for the court filed by *Circuit Judge* MOORE. *Circuit Judge* Newman concurs in the result.

Appellant Robert Carmelo Torre, appearing pro se, appeals the final decision of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. Because the Court of Federal Claims correctly determined that it lacked subject matter jurisdiction over Mr. Torre's claims, we *affirm*.

BACKGROUND

On March 26, 2009, Mr. Torre filed suit against the Internal Revenue Service (IRS) in the United States District Court for the Northern District of California. In his complaint, Mr. Torre alleged that the IRS had improperly assessed taxes against him for the 2000 tax year. Mr. Torre further alleged that the IRS placed a levy on his bank account and withheld portions of his Social Security payments to collect the tax that he allegedly owed. Mr. Torre asserted that these collection activities were improper because he had zero tax liability for the 2000 tax year. He contended that he was suffering ongoing financial losses as a result of the IRS's improper collection activities and sought damages pursuant to 26 U.S.C. § 7433.

On November 6, 2009, while Mr. Torre's case was still pending in district court, Mr. Torres filed suit in the Court of Federal Claims. Mr. Torre's complaint alleged substantially the same facts as his district court complaint. Mr. Torre again sought damages pursuant to 26

U.S.C. § 7433 and asked the Court of Federal Claims to enjoin the IRS from continuing its collection activities.

On May 12, 2010, the Court of Federal Claims dismissed Mr. Torre's complaint for lack of subject matter jurisdiction. The Court of Federal Claims observed that 28 U.S.C. § 1500 deprives it of jurisdiction over a claim if the plaintiff has a suit pending in any other court "for or in respect to" that same claim. The Court of Federal Claims found that Mr. Torre's district court suit was pending when he filed suit in the Court of Federal Claims. The Court of Federal Claims also found that the two suits involved the same claim because both related to the same set of operative facts and sought essentially the same relief. Therefore, the Court of Federal Claims determined that it lacked jurisdiction over Mr. Torre's suit under 28 U.S.C. § 1500. Mr. Torre appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"We review decisions of the Court of Federal Claims regarding subject matter jurisdiction *de novo.*" *Res. Conservation Group, LLC v. United States*, 597 F.3d 1238, 1242 (Fed. Cir. 2010). We review the factual determinations of the Court of Federal Claims for clear error. *Distributed Solutions, Inc. v. United States*, 539 F.3d 1340, 1343 (Fed. Cir. 2008).

Mr. Torre argues that no other suit was ever pending on the same claim as his Court of Federal Claims suit because the district court denied his request to proceed *in forma pauperis.* Therefore, he contends, the Court of Federal Claims erred in determining that it lacks jurisdiction under 28 U.S.C. § 1500. We disagree. Section 1500 provides that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending

in any other court any suit or process against the United States." Thus, § 1500 "bar[s] jurisdiction over the claim of a plaintiff who, upon filing, has an action pending in any other court 'for or in respect to' the same claim." *Keene Corp. v. United States*, 508 U.S. 200, 209 (1993).

Mr. Torre filed suit in district court on March 26, 2009. The district court case remained pending until June 8, 2010, when the court dismissed the suit for lack of subject matter jurisdiction.[1] Mr. Torre filed the present suit in the Court of Federal Claims on November 9, 2009. Thus, the Court of Federal Claims did not clearly err in finding that Mr. Torre's district court suit was pending at the time Mr. Torre filed the present suit.

The Court of Federal Claims also did not clearly err in finding that the district court and Court of Federal Claims suits involved the same claim. Section 1500 deprives the Court of Federal Claims of jurisdiction if "plaintiff's other suit was based on substantially the same operative facts . . . at least if there was some overlap in the relief requested." *Keene Corp.*, 508 U.S. at 212. The Court of Federal Claims found that the two suits arose from the same operative facts: the IRS's assessment of tax against Mr. Torre for the 2000 tax year and its collection activities. The Court of Federal Claims also found that the two actions both sought damages under 26 U.S.C. § 7433 and some form of injunctive relief against the IRS.

---

[1] The district court dismissed Mr. Torre's case for lack of subject matter jurisdiction based on its finding that Mr. Torre had not complied with the requirements of 26 U.S.C. § 6532 and § 7422 prior to filing suit in federal court. Under 26 U.S.C. § 7422(a), a taxpayer must file a claim for refund with the IRS prior to filing suit in any court. Under 26 U.S.C. § 6532(a)(1), a taxpayer may not file a suit under § 7422(a) until the IRS has either denied his claim for refund or failed to act within six months.

These fact findings are not clearly erroneous.  Indeed, Mr. Torre himself characterizes the two actions as being "similar" and does not dispute the fact findings of the Court of Federal Claims on this point.

Because the Court of Federal Claims did not clearly err in finding that Mr. Torre's suit related to the same claim as his pending district court action, the court correctly determined that it lacks jurisdiction to hear Mr. Torre's case under 28 U.S.C. § 1500.  Accordingly, we affirm the decision of the Court of Federal Claims dismissing Mr. Torre's complaint.

**AFFIRMED**

Costs

No costs.

NEWMAN, *Circuit Judge*, concurs in the result.